FRANK B. MERRILL, APPELLANT, v. FRANK W. ALLIN, RESPONDENT.

46   623
58   313,
58   316
46   623
63   105
46   623
88   218

*Examination of a person indebted to a judgment debtor — proceedings to compel his appearance must be instituted in the county where the judgment debtor resides — Code of Civil Procedure, secs. 2441, 2458, 2434.*

On May 3, 1884, a judgment was recovered in the Court of Common Pleas, in and for the city and county of New York, which was, on the same day, docketed in the office of the county clerk in the county of New York. Thereafter an execution, in due form, was issued thereon against the property of the defendant to the sheriff of the city and county of New York, which was returned by him wholly unsatisfied, the defendant then and now being a resident of said city and county. Subsequently, and on the 4th day of May, 1887, a transcript of the judgment was filed and the judgment was docketed in the Ontario county clerk's office, and on the same day an execution was issued thereon against the property of the defendant. On the same day proceedings were instituted by the assignee and owner of the judgment before the county judge of Ontario county to procure an order requiring persons residing in that county, who were alleged to be indebted, or to hold property in their possession belonging to the judgment debtor, to appear and be examined, which proceedings resulted in the appointment of a receiver of all the debts, property, etc., of the judgment debtor.

Subsequently, upon the application of the judgment debtor, the county judge vacated the order appointing the receiver, for want of jurisdiction on his part to make it.

*Held*, that the order should be affirmed.

That, as the judgment debtor had a residence in the city and county of New York, proceedings of this character could only be instituted by virtue and in aid of an execution issued to the sheriff of that county, and that they must be conducted

by and before one of the judges of the Court of Common Pleas of that county, or if all of them should be absent from that county, or if for any reason they were unable or disqualified to act, then before a justice of the Supreme Court of that district, as mentioned and regulated in sections 2458, 2441 and 2434 of the Code of Civil Procedure.

APPEAL from an order made by the county judge of Ontario county, setting aside and vacating an order made by him, appointing a receiver in proceedings supplemental to execution.

William D. Chase was the original plaintiff in the action, and since the rendition of the judgment the appellant has become the purchaser of the same and has been substituted as the plaintiff.

*J. Henry Metcalf*, for the appellant.

*W. H. Adams*, for the respondent.

BARKER, J.:

A judgment was recovered against the defendant Allen, in the Court of Common Pleas in and for the city and county of New York, on the 3d day of May, 1884, for the sum of $13,109.93, and the judgment-roll filed and judgment docketed on that day in the office of the county clerk in the county of New York. Thereafter an execution in due form was issued on the judgment against the property of the defendant, to the sheriff of the city and county of New York, and was returned by him wholly unsatisfied, the defendant then and now being a resident of the said city and county. Subsequently, and on the 4th day of May, 1887, a transcript of the judgment was filed and judgment docketed in the Ontario county clerk's office, and on that day an execution was issued thereon against the property of Allen. On the same day the assignee and owner of the judgment presented an affidavit to the county judge of Ontario county, setting forth all the said facts and alleging, further, that James McKechnie and others, bankers, residing in Ontario county, were indebted or held property in their possession belonging to the judgment debtor, in the sum or of the value of over ten dollars, and procured from the county judge an order requiring them to appear before a referee in the village of Canandaigua, in said county, and be examined on oath concerning the debt or property set forth in the affidavit. They appeared and the proceedings were continued before the county judge, which resulted

in the appointment of a receiver of all the debts, property, equitable interest, rights and things in action of the judgment debtor. Subsequently, and on the application of the judgment creditor, based upon an affidavit made by him, the county judge vacated the order appointing the receiver, upon the ground and for the reason, as stated in the order, for the want of jurisdiction on the part of the county judge to make the order.

The proceedings, up to the point of the granting of the first order by the county judge, were in all respect strictly regular. The question presented is one of interest, as well- as great practical importance, and which has not been adjudicated in any reported case I have found. · Its solution involves a construction of several of the sections of the Code found in the chapter relative to proceedings supplementary to execution against property.

The appellant contends that by force of the provision contained in section 2434 the county judge of Ontario county had jurisdiction to issue an order requiring a debtor of the judgment debtor, or a person having property of the judgment debtor in his possession, and residing in Ontario county, to appear before him and make answer concerning the same, as the judgment had been docketed in that county, and an execution regularly issued, and was then in the hands of the sheriff of that county.

The respondent's position is, that as the judgment debtor had a residence in the city and county of New York, proceedings of this character can only be instituted by virtue and in aid of an execution issued to the sheriff of that county, and that they must be conducted by and before one of the judges of the Court of Common Pleas of that county, or if all of them should be absent from their county, or for any reason they were unable or disqualified to act, then before a justice of the Supreme Court of that district, as mentioned and regulated in sections 2434, 2441, 2458.

We are inclined to concur with the last proposition. All the provisions of the statute authorizing· and regulating . these proceedings are to be considered and construed, if the language used will permit of such a construction, so as to constitute a harmonious system. The most important of the three kinds of remedies given by section 2432, and the one most frequently resorted to for the purpose of enforcing the payment of a judgment, are the ones which may be

instituted against a judgment debtor himself, as mentioned in subdivision 1 and 2 of that section. Where a judgment debtor resides in the State or has a place of business in the State for the regular transaction of business in person, then the execution must be issued to the sheriff of the county where he resides; or, if his place of business is not in the county of his residence, then to the sheriff of either county. (Sec. 2458.) He cannot be required to attend in any other county for the purpose of being examined concerning his property. (Sec. 2459.) (*Anway* v. *David*, 9 Hun, 296; *Browning* v. *Hayes*, 41 id., 382.) When proceedings are taken against a debtor of the judgment debtor, for the purpose of securing an application of an indebtedness toward the payment of the judgment, where the execution is in the hands of the sheriff, as in this case, the judgment debtor is, in a sense, a party to such proceedings. Such remedy is resorted to for the purpose of reaching his property and converting it to a particular purpose. His interests are directly involved in the procedure. In order that he may protect his rights, so far as they are involved by the proceeding, provision is made in section 2464, that no receiver shall be appointed without notice is given to him, if he can be found in the State; and where the proceedings are against a debtor of the judgment debtor, as here, the judge before whom they are pending may require notice to be given to the judgment debtor of all proceedings subsequent to granting the first order. (Sec. 2441.) The judgment creditor can only enforce the payment of his judgment out of the judgment debtors property, by securing the appointment of a receiver, either before or after the return of execution, unless they are based upon an execution issued to the sheriff of the county where the judgment debtor resides, or where he has an office in which he personally transacts business. (Sec. 2458.) The result of this construction of the statute is, that the county judge of Ontario county did not have jurisdiction over the subject-matter. These views do not give the debtor any undue advantage over his creditors in instituting and conducting the proceedings, and secures uniformity of procedure. The creditor can, if he desires, at all times have in the hands of the sheriff of the county where the debtor resides, an execution against his property, and can at any moment institute proceedings like the one under consideration, against any person who may reside in any

county of the State, whether an execution has or has not been issued to the sheriff of the county where such person resides. There would be a degree of hardship and inconvenience toward the debtor, if the creditor could inaugurate proceedings of this character in any county to which an execution has been issued, without gaining any advantage to himself, in the way of enforcing payment of his judgment out of the debtor's property. The provision of the statute, that the person proceeded against cannot be required to go out of the county of his residence to be examined should not be considered as controlling, as the judge before whom the matter is pending can appoint a referee to take his evidence at a place to be named in the county of his residence.

The appellant bases his argument upon the language used in section 2434, entitled " What judge may entertain proceedings," which is, " either special proceedings may be instituted before a judge of the court, out of which, or the county judge, or the special county judge, of the county to which the execution was issued." We think this refers to the county judge, or special county judge, of the county to which an execution has been issued as provided in section 2458, and this view seems to be confirmed by the provisions of section 2441, which provides, that a remedy like the one resorted to in this instance, by the judgment creditor, can be instituted only on proof that an execution against the property has been issued, " as prescribed in section 2458 of this act."

The order should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.